UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GARY BOGLE,
                Plaintiff,

      -against-                                         **MEMORANDUM & ORDER**
                                                          **09 CV 1017 (RJD) (LB)**

JOEL MELAMED, et al.,
                Defendants.
------------------------------------------------------X
DEARIE, District Judge.

Plaintiff, pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging defendants subjected him on multiple occasions to unreasonable search and seizure, false arrest, false imprisonment and malicious prosecution. Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted in its entirety.

## BACKGROUND

In 1994, plaintiff was arrested by officers from the 83rd Precinct for the attempted murder of a New York City policeman. He pleaded guilty to lesser charges and was imprisoned until 2002. Plaintiff claims that since his release, on five different dates between August 2003 and November 2005, he was falsely arrested by unnamed individual officers from the 83rd Precinct. On two of those dates, plaintiff alleges that he was also subjected to illegal searches. (Am. Compl. ¶ 2) In addition, he claims that on August 3, 2006, unnamed officers from the precinct refused to investigate his claim that "five relentless murderous thugs" had attempted to kill him. Plaintiff also alleges that on September 19, 2006, unnamed officers refused to investigate an attempted break-in that triggered his home alarm system and instead issued a summons against

him. (Id.)

Plaintiff's most detailed allegations relate to his final claim of false arrest, false imprisonment and malicious prosecution. On October 3, 2006, defendant Melamed arrested plaintiff at gunpoint five blocks away from the scene of an "alleged" shooting. (Id.) Plaintiff contends that the shooting never occurred. Defendants Hernandez and McKenna immediately searched and handcuffed plaintiff "because they discovered he wore a bullet-proof vest following the relentless attempts against him." (Id.) The officers took plaintiff to the precinct and impounded his car. (Id.)

Plaintiff alleges that defendants Hernandez, Kenny and Salmieri searched plaintiff's car and discovered "after market wiring" for a safe under the front passenger seat. They turned the car over to defendant Friedman of the Drug Enforcement Agency to "pry open" the safe which contained a weapon. (Id.) Plaintiff further contends that "defendant's [sic] along with unknown parties illegally photo-copied records ordered sealed and sent them to Federal Prosecutor's [sic] to prosecute plaintiff for the weapon defendant Fr[ied]man found during her illegal search and seizure of plaintiffs [sic] vehicle." (Id.)

On March 29, 2007, plaintiff was indicted on federal weapons possession charges and possession of body armor stemming from the October 3, 2006 arrest. The original indictment, under case number 07-CR-241, was untimely filed under the Speedy Trial Act, however, and was dismissed without prejudice. The United States re-presented the charges and plaintiff was re-indicted for weapons possession and possession of body armor on February 11, 2009, under case number 09-CR-68. Plaintiff, a prior convicted felon, was found guilty by a jury of possession of a Glock 9 millimeter semi-automatic pistol and ammunition and possession of a Protective Armor International bullet-resistant vest. He was sentenced on January 7, 2011, by

2

the Honorable Nina Gershon, to 262 months on the firearm possession count and three years on the body armor possession count, to run concurrently.

**DISCUSSION**

1. Standard of Review

Defendants move for dismissal on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. In deciding a Rule 12(c) motion for judgment on the pleadings, the Court applies the familiar standard of review for Rule 12(b)(6) motions. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) (citing Karedes v. Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005)). The Court assumes the truth of the factual allegations asserted in the complaint and draws all reasonable inferences in favor of the plaintiff. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

Because plaintiff proceeds pro se, the Court construes the pleadings liberally to "raise the strongest arguments that they suggest" in this case. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Nevertheless, even though pro se pleadings are "held to less stringent standards," a complaint must plead a "plausible" claim for relief to survive a motion to dismiss. Harris, 572 F.3d at 71-72 (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) and Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Accepting all non-conclusory factual allegations as true, a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

2. <u>Claims against the 83rd Precinct and John and Jane Doe Defendants</u>

It is well-settled in this Circuit that under the New York City charter, actions against agencies of the City of New York must be brought against New York City. See <u>Nnebe v. Daus</u>, 644 F.3d 147, 158 n. 6 (2d Cir. 2011); <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n. 19 (2d Cir. 2007). The 83rd Precinct, an agency of New York City, is not a suable entity. Thus, the claims against it must be dismissed. See <u>Emerson v. City of New York</u>, 740 F. Supp. 2d 385, 395-96 (S.D.N.Y. 2010) (dismissing claims against precinct and other municipal agencies). Moreover, although plaintiff contends in his memorandum in opposition that he means to sue the City of New York and not the Precinct itself "per se" (Pla. Mem. at 1), he fails to allege any facts supporting an inference that an official municipal policy or custom exists pursuant to which he was injured. Any Section 1983 claim against the City he is attempting to bring must, therefore, also be dismissed. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978) (requiring the existence of a policy or custom for municipal liability).

Plaintiff's claims against the "John and Jane Doe Defendants" must be dismissed because plaintiff failed to substitute in the actual names of the officers before the statute of limitations period expired. For Section 1983 actions, the limitations period is borrowed from state law and is three years. <u>Munsch v. Evans</u>, 2012 WL 528135, *11 (E.D.N.Y. 2012). It runs from when the plaintiff "knows or has reason to know of the injury which is the basis of his action." <u>Id.</u> at *12 (quoting <u>Singleton v. City of New York</u>, 632 F.2d 185, 191 (2d Cir. 1980). Thus, the period began to run at the latest from the date of the last alleged occurrence involving the unnamed officers, September 19, 2006, and expired in September 2009. Even if plaintiff could now substitute in named officers for the John and Jane Doe defendants, the claims would still be time-barred. Relation back under Rule 15(c) of the Federal Rules of Civil Procedure only

4

applies when there is a "mistake" in identity. "Mistake" does not include a plaintiff's failure to initially name defendants because plaintiff does not know their identities. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir.1996) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."); Curry v. Campbell, 2012 WL 1004894, *6 n. 3 (E.D.N.Y. 2012) (discussing whether Barrow remains good law after Krupski v. Costa Crociere S.p.A., 130 U.S. 2485 (2010), which held that: "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."); Felmine v. City of New York, 2011 WL 4543268, *6 n. 3 (E.D.N.Y. 2011) (citing Barrow).

3. October 3, 2006 Arrest & Federal Prosecution

To prevail on his Section 1983 claims of false arrest and false imprisonment relating to the October 3, 2006 arrest, plaintiff must demonstrate, among other elements, that his confinement was not supported by probable cause. See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir.1995); Weintraub v. Board of Educ., 423 F. Supp. 2d 38, 53 (E.D.N.Y. 2006). To prevail on his claim for malicious prosecution, he must show that "a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor." Fulton, 289 F.3d at 195. A conviction in the underlying criminal matter establishes probable cause for the arrest, imprisonment and prosecution as a matter of law and bars claims of false arrest, false imprisonment and malicious prosecution. See Cameron v. Fogarty, 806 F.2d 380, 387-89 (2d Cir. 1986). Furthermore, under the holding of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994):

5

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Thus, where the conviction in the underlying criminal matter has not been disturbed, Section 1983 claims for false arrest and false imprisonment must be dismissed. Similarly, plaintiff's unlawful search claims must also be dismissed. A finding that the searches pursuant to which the weapons and armor were procured were unlawful would necessarily imply the invalidity of the underlying conviction. See Black v. Blackmun, 2011 WL 6019394, *2 (E.D.N.Y. 2011) (illegal search claim barred by Heck because plaintiff's "conviction hinged directly on the weapons procured during this allegedly unlawful search").

As plaintiff alleges, the state charges brought against him stemming from his October 3, 2006 arrest were dismissed and sealed. Plaintiff was prosecuted federally, however, and that conviction bars this Section 1983 action. Where, as here, "the Federal and State actions are inextricably intertwined and substantially related to one another," the Heck rule applies to bar Section 1983 claims based on the dismissed state charges. Thompson v. Delvalle, 2010 WL 2505638, *3 (S.D.N.Y. 2010) (holding Heck to bar Section 1983 claim of false arrest where plaintiff was convicted federally on charges stemming from same set of events underlying state charges that were dismissed); see also Fuertado v. Gillespie, 2005 U.S. Dist. LEXIS 30310 (E.D.N.Y. 2005) (false arrest claim barred where first indictment dismissed due to tainted evidence was "inextricably intertwined" and "closely related" to second indictment which resulted in a guilty plea); Thompson v. Grey, 2009 WL 2707397 (E.D.N.Y. 2009) (false arrest

6

claim barred where second grand jury shown new evidence from subsequent investigation of same crime scene indicted after first grand jury refused to indict). Accordingly, plaintiff's claims of false arrest, false imprisonment and malicious prosecution are dismissed.

4. Retaliation and Conspiracy Claims

Plaintiff's vague, unelaborated claims of retaliation and conspiracy, raised for the first time in his opposition papers, also must be dismissed. He asserts that he was subjected to the rash of false arrests as a result of a "conspiracy" among the police, informants, under-cover police officers and "agent-provacateurs" against him in "retaliation" for having pleaded to a lesser charge when he was indicted for attempted murder of a New York City police officer. (Memo in Opp'n at p. 1). His conclusory allegations of wrongdoing, however, fail to satisfy the plausibility standard of Iqbal and must be dismissed. See Santiago v. Pressley 2011 WL 6748386, *6 (S.D.N.Y. 2011) (The "conspiracy claim . . . fail[s] to satisfy the plausibility standard of Iqbal because [defendant] has offered nothing in support of those claims but conclusory allegations of wrongdoing.); Peoples v. Fischer, 2011 WL 6034374, *3 (S.D.N.Y. 2011) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.") (internal quotation marks omitted). Thus, these allegations cannot revive his time-barred claims. Moreover, plaintiff fails to establish that his conduct — whether his attempted murder of a police officer or his plea to a lesser charge — was constitutionally protected. Peoples, 2011 WL 6034374 at *3 (A "violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right. Without deprivation of a federal constitutional right, there can be no civil rights conspiracy to deprive that right.") (internal

7

quotations and citations omitted).

## CONCLUSION

Defendants' motion for judgment on the pleadings is granted, and the complaint is dismissed. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge